IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| WILLIE SHAWNDALE POLLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:19-00664 |
| v. ) | |
| ) | |
| DAVID L. YOUNG, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and Memorandum in Support. (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

## FACT AND PROCEDURE

On September 16, 2019, Petitioner, acting *pro se*, filed his instant Section 2241 Petition and Memorandum in Support.[1] (Document Nos. 1 and 2.) In his Petition, Petitioner challenges the validity of his Section 922(g) conviction based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Petitioner explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm or ammunition and that he knew he belonged to the relevant category of persons barred from possessing such. (Id.) Petitioner argues

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that he can meet all the requirements of the "savings clause." (Id.) First, Petitioner states that at the time of his guilty plea "it was settled that a § 922(g) offense did not require proof that [Petitioner] was aware of his prohibited status in order for a conviction." (Id.) Second, Petitioner states that substantive law changed based upon Rehaif and this establishes his actual innocence. (Id.) Specifically, Petitioner alleges that his plea of guilty did not include an admission that he was aware of his prohibited status when he possessed the firearm and ammunition. (Id.) Finally, Petitioner argues that he cannot meet the gatekeeping provisions of Section 2255(h)(2). (Id.) Based upon the foregoing, Petitioner requests that his Court vacated his Section 922(g) conviction. (Id.) As an Exhibit, Petitioner attaches a copy of the "Factual Basis" for his guilty plea. (Id., pp. 10 – 13.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under

Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed.[3] See e.g.,

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on March 29, 2021.

[3] Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's claim. Although Petitioner argues that his Section 922(g) conviction is invalidated by *Rehaif*, the undersigned finds that *Rehaif* did not decriminalize the underlying conduct that Petitioner was charged and convicted. *See Deandre v. Adams*, 2021 WL 932024, * 4 (N.D.W.Va. March 11, 2021)(collecting cases)(finding that "petitioner cannot satisfy the second condition under *Jones* because *Rehaif* did not change substantive law"); *McCray v. United States*, 2020 WL 8254438, * 5 (E.D. Ark. March 25, 2020)(finding there was "nothing about *Rehaif* to suggest that [petitioner] may have been convicted of a nonexistent offense"); *Swindle v. Hudgins*, 2020 WL 469660, * 2 (N.D.W.Va. Jan. 29, 2020)("[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Moss v. Dobbs*, 2019 WL 7284989, * 9 (D.S.C. Sept. 23, 2019)(finding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), *proposed finding and recommendation adopted by* 2019 WL 5616884 (D.S.C. Oct. 21, 2019). Furthermore, *Rehaif* addressed the elements the government had to prove at trial to establish a defendant's guilt under Section 922(g). A review of Petitioner's underlying criminal proceedings reveal that Petitioner pled guilty to one count of Section 922(g), thereby conceding the United States had proved its case. *Pollard v. United States*, Case No. 1:13-cr-00456 (M.D.N.C. Aug. 22, 2014), Document No. 12. In the Indictment, Petitioner was charged with "having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in commerce and affecting commerce ammunition, that is, five rounds of Blazer .45 caliber ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." *Id.*, Document No. 1; *also see Greer, et al. v. United States*, ___ U.S. ___, 141 S.Ct. 2090, 2097-98, 210 L.Ed.2d 121 (2021)(finding that Gary failed to carry his burden of showing that the *Rehaif* error affected his substantial rights because Gary had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty.); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020)(Although *Rehaif* makes clear that the government must prove that a

Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

---

defendant knew he was in the category of persons prohibited under federal law from possessing firearms, *Rehaif* did not impose a willfulness requirement or require the government to prove that the defendant knew his status prohibited him from owning a firearm).

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: March 8, 2022.

Omar J. Aboulhosn
United States Magistrate Judge